BIRMINGHAM DRUG COMPANY ET AL. v. FREEMAN BROS. &
COMPANY ET AL.

Delivered February 17, 1897.

1. **Corporation—Assignment for Benefit of Creditors.**
An insolvent corporation, acting by its directors or under their authority, may make a general assignment for the benefit of creditors.

2. **General Assignment by Corporation—What is.**
An instrument executed by the secretary of an insolvent corporation, under the direction of its board of directors, conveying all of its assets to an assignee for the benefit of all its creditors, is a general assignment.

3. **Same—Appointment of Substitute Assignee in Vacation—Notice.**
The order of the district judge appointing another assignee, upon the failure of the first to qualify, may be made in vacation as well as at a term of court, and without notice either to the assignor or assignee.

4. **Same—Right of Appeal—Order Appointing Substitute Assignee.**
The order of a district judge appointing another assignee, upon the failure of the first to qualify, whether made in vacation or in term time, is, with reference to the right of appeal, to be considered as an order of the district court.

APPEAL from Bexar.  Tried below before Hon. R. B. GREEN.

*Clark, Summerlin & Fuller,* for appellants.—The court erred in refusing to vacate the order appointing an assignee, because said order was made without notice.  Constitution, sec. 19; Rev. Stats., art. 65a; Grigsby v. Peak, 57 Texas, 142; Windsor v. McVeigh, 93 U. S. 274; 16 Am. & Eng. Ency., Law, 807 and notes; 6 Am. & Eng. Ency., Law, 43; Kuntz v. Sumption, 2 Law. Rep. Ann., 655.

*W. C. Berry,* for appellees.—A corporation possesses the power to make an assignment of its assets for the equal benefit of all of its creditors, unless restricted by its charter or by some statutory provision, and under the statutes of Texas it may make such an assignment.  5 Thomp., Corporations, secs. 6468, 6473; Wait, Insolvent Corp., sec. 159, chap. 3, and notes; 1 Am. & Eng. Ency., Law, 846, and notes; Burrill on Assignments (5 ed.), sec. 64, and notes; Sayles' Civ. Stats., arts. 65a, 3138.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from an interlocutory order, made in chambers by the Hon. R. B. Green, Judge of the Thirty-seventh Judicial District, appointing H. O. Skinner trustee or assignee of the Birmingham Drug Company.

On the 4th day of June, 1896, the Birmingham Drug Company, a private corporation duly incorporated under the laws of the State of Texas, being insolvent, having ceased business without intention or ability to resume, and being desirous of distributing its assets and proceeds thereof equitably among its creditors, by resolution of its board of directors authorized its secretary to make a deed of assignment transfer-

ring to J. W. Graves all of its property of every kind, consisting of a stock of merchandise, drugs, toilet articles, tobacco, and all fixtures and furniture in its drug store, situated at the corner of Houston and St. Mary's streets in the city of San Antonio, Texas.

In pursuance of such resolution, on the 4th day of June, 1896, J. R. Jones, the secretary of the corporation, made the said J. A. Graves a deed of assignment, conveying to him all the property of the corporation, and authorizing him to take immediate possession thereof, and to sell the same for cash without delay, and to apply the proceeds thereof as follows: (1) To the payment of the expenses of executing the trust; and (2) to the payment pro rata of the debts justly due by the company, amounting to about $5000. This deed of conveyance was on the day of its execution duly acknowledged by said secretary, and by virtue thereof the assignee took possession of the property, and without causing the instrument to be recorded, or executing a bond, was proceeding to execute the assignment.

On the 20th day of July, 1896, Freeman Bros. & Co., who were and are creditors of the Birmingham Drug Company, filed their application to the Hon. R. B. Green, Judge of the Thirty-seventh Judicial District, representing the facts stated in the preceding paragraph, and for themselves and all other creditors, asked his honor to remove J. W. Graves as assignee, and to appoint another competent assignee, as required by statute.

On the same day, without notice, and without the appearance of the drug company, his Honor made the order appealed from, which is as follows:

"In Re Estate of the Birmingham Drug Company, in Assignment.

### (In Vacation.)

"On this 20th day of July, 1896, coming on to be heard the application of Freeman Bros & Co. for the appointment of an assignee of the estate of the Birmingham Drug Company, and it appearing to the Judge of the District Court for the Thirty-Seventh Judicial District of Texas, upon a full hearing, that the Birmingham Drug Company made and executed a deed of assignment for the benefit of its creditors on the 4th day of June, 1896, and more than five days have elapsed since that date, and that the assignee named in said deed of assignment has not qualified according to the law, by giving bond, and that he has not complied with the provisions of the statute, and that no duly qualified assignee is in charge of said assigned estate;

"And it further appearing to the said Judge of the District Court that H. O. Skinner is a resident and citizen of Bexar County, Texas, and is a proper person to be appointed assignee of said estate;

"It is therefore considered, adjudged, and so ordered, that H. O. Skinner be, and he is hereby, appointed as assignee of the estate of the Birmingham Drug Company, and he is hereby further directed to file his

bond in the sum of five thousand dollars ($5000), as required by law, and to take possession of all the assets and estate of said Birmingham Drug Company, and all persons in possession of said estate or any portion thereof are hereby ordered and directed to deliver such possession to said H. O. Skinner, assignee as aforesaid.

(Signed)  "Robert B. Green, Judge."

Said order was made upon full proof that the deed of assignment had been made on June 4, 1896; that J. W. Graves had not given bond as assignee, or otherwise; that no inventory of assets and liabilities had been filed; and that the deed of assignment had not been filed for record, as required by law.

On the 23rd day of July, 1896, which was within the time required by law, H. O. Skinner gave bond and qualified as assignee of the drug company, as required by law, giving the statutory bond required in assignments for the benefit of creditors.

On July 28, 1896, a motion was filed on behalf of J. W. Graves, and H. J. Jarrell, J. A. Craven, and J. R. Jones, directors of the Birmingham Drug Company, and J. F. Harris, an alleged creditor of the company, praying his Honor to vacate the order appointing H. O. Skinner assignee. In this motion it was virtually admitted that Graves had not qualified under the law governing statutory assignments, but it was insisted that the order was void, because made without notice, and that the statutes governing assignments did not apply to the instrument appointing Graves assignee.

However, before this motion was filed, on July 31, 1890, Freeman Bros. & Co. amended their application and further alleged the insolvency of the corporation, and of its directors, and that such directors were, therefore, improper persons to administer the estate of the corporation as trustees for the benefit of its creditors; and that the company committed an act of bankruptcy in attempting to delegate to J. W. Graves as trustee any trust that might by law be imposed upon its directors. This amendment concluded with a prayer that H. O. Skinner be continued as the assignee, but that if he could not be so continued, a receiver be appointed to administer the estate of the corporation in accordance with law.

Upon the 4th day of August, 1896, the motion of appellees to vacate the order appointing Mr. Skinner was heard, the Birmingham Drug Company and all parties appearing by counsel, and, after being fully considered, was by his Honor overruled.

*Conclusions of Law.*—"It is well settled, by a weight of authority which seems to be irresistible, that a corporation possesses the power to make an assignment of its assets in trust for the benefit of its creditors, and may exercise this right much to the same extent and in the same manner as a natural person, unless restricted by its charter, or by some statutory provision." Wait on Insolvent Corporations, sec. 159,

and authoritities cited in note 2. Hence an insolvent corporation may make a general assignment for the benefit of its creditors, and this may be exercised by the directors or under their authority. Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. St., 375-382; Hurlbut v. Carter, 21 Barb. (N. Y.), 223.

The instrument made by the secretary of the corporation, under the direction of its board of directors, conveying all of the assets of such insolvent debtor to Mr. Graves, assignee, for the benefit of all its creditors, in proportion to their respective claims, is a general assignment under our statutes. And it was the duty of such assignee, under the law, to cause the deed of assignment to be recorded, and to execute a bond with sureties, conditioned that he would faithfully discharge his duties as such assignee, and make proper distribution of the net proceeds of the assigned estate among the creditors entitled thereto, etc., and, as he failed within five days after the delivery of the deed of assignment to execute such bond and file the same with the county clerk, it became the duty of Judge Green, upon the application of any creditor, to appoint in writing another competent assignee, whose duty, upon the execution of such bond, approved according to law, would be to take possession of the assigned property and proceed to execute the assignment. Rev. Stats., 1895, art. 76.

Under this statute the proceedings were had, and the order could be made in vacation as well as at a term of court, and the statute does not require that notice should be given either to the assignor or assignee. The only thing necessary to the validity of such order on the application, was for the judge to be satisfied that the bond had not been given, approved, nor filed. The statute furnishes the assignee with notice of his duty, and the consequence of his failure to discharge it. Until he has performed this duty, he has no such right as entitles him to notice of a creditor's application to have another assignee appointed; for his right to proceed under the instrument could not accrue until he complied with the statute.

We have entertained some doubt as to whether we have jurisdiction to determine this matter, though such jurisdiction is not questioned by either party. It is enacted that an appeal shall lie from an interlocutory order of the District Court appointing a receiver or trustee in any cause, provided said appeal shall be taken within twenty days from the entry of said order. Rev. Stats., 1895, art. 1383. The jurisdiction of this court extends to all civil cases within the limits of its district, of which the District Courts have original or appellate jurisdiction, and its judgments are final in all appeals from interlocutory orders appointing receivers or trustees. Rev. Stats., art. 996.

An assignee is, within the meaning of this statute, a trustee. The statute gives the judge authority to appoint receivers (Rev. Stats., art. 1465), and, as in cases of the character under consideration, trustees. As this authority may be exercised in vacation as well as during term time, to hold that an order of a judge making such an appointment in

chambers cannot be appealed from, would in many cases prevent parties from appealing from such orders, which we do not believe the statute ever contemplated; but we think that it was intended that such orders of the judge, whether made in vacation or in term time, should, in regard to the right of appeal, be considered as orders of the District Court. New Birmingham I. & L. Co. v. Blevens, 34 S. W. Rep., 828.

In our opinion, there is no error complained of requiring a reversal of the order appealed from, and it is affirmed.

*Affirmed.*