### J. W. Webb v. Percy Allen et al.

Decided March 17, 1897.

**1. Receivers—Appointment Before Filing.**

Under art. 1465, Rev. Stats., authorizing appointment of receivers in an "action between partners" there is no action and can be no appointment until the petition is filed.

**2. Same—Appointment Without Notice.**

Except in extreme cases where an emergency is shown, a receiver may not be appointed without notice to the adverse party.

**3. Partnership—Grounds for Appointment—Receiver.**

The appointment of a receiver for a partnership is not authorized by the statute in all cases, but only in accordance with the principles and practice of equity. The petition should show that the property can be managed and preserved more advantageously by the court than by the parties. and some abuse of the partnership rights and property and violation of partnership duties.

**4. Same—Affidavit.**

An affidavit by plaintiff's attorney that since the petition was presented defendant has disposed of some of the notes to secure his individual indebtedness, can not be considered as a part of the pleadings.

**5. Injunction—Appeal.**

The Court of Civil Appeals has no jurisdiction by an appeal from an interlocutory order refusing to dissolve an injunction.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Banks & Cochran*, for appellant.—A receiver is an officer of the court appointed in a suit pending in court to take charge of and preserve the property in litigation in said suit pending the litigation. Neither a judge in vacation nor the court in terms, can appoint a receiver until the suit is filed and a cause of action is pending in the court. Rev. Stats., arts. 1465, 1492, 1177; High on Receivers, secs. 17, 83; Baker v. Backus, Admr., 32 Ill., 111; In re Hancock, 27 Hun., 575; Ex parte Mountfort, 15 Ves. Jr., 445; Harwell v. Potts, 80 Ala., 70; Hardy v. McClellan, 53 Miss., 507; Jones v. Bank of Leadville, 10

Col., 464; Pressly v. Harrison, 1 N. E. Rep., 188; State v. Ross, 25 S. W. Rep., 951; Smelting Company v. Holleman, 27 Pac. Rep., 413; Jones v. Schall, 8 N. W. Rep., 68.

The petition does not disclose an action between partners, nor does it show that a cause of action has arisen between them, but upon the contrary, it is in effect a petition by one partner to the court to take charge of and settle up the partnership affairs, without asking any judgment against the defendant partner, or praying for any relief against him, nor stating any cause of action against him. Pressly v. Harrison, 1 N. E. Rep., 188; Jones v. Bank of Leadville, 10 Col., 464; State v. Ross, 25 S. W. Rep., 951; Smelting Co. v. Holleman, 27 Pac. Rep., 413.

A receiver should not be appointed in vacation without notice, unless upon the most urgent necessity, and then only in cases where it is apparent to the court that irreparable injury or loss will ensue if notice is given; and an order made by the judge in vacation, without notice, should be reversed unless such necessity plainly appears. High, Receivers, 111 to 117; 2 Bates, Partnership, 1004; Bank v. Loan Co., 16 So. Rep., 111; Fredenheim v. Rohr, 13 S. E. Rep., 193; Barber v. Manier, 15 So. Rep., 890; St. Louis &c. Co. v. Wear, 36 S. W. Rep., 365; Heflebower v. Buck, 20 Atl. Rep., 991; Railway v. Dykeman, 32 N. E. Rep., 823; Blondheim v. Moore, 11 Md., 365; Triebert v. Burgess, 11 Md., 452; Nusbaum v. Stein, 12 Md., 315; Rogers v. Dougherty, 20 Ga., 271; Buckley v. Baldwin, 69 Miss., 804; Whitehead v. Wooten, 43 Miss., 523; State v. Railway, 15 Fla., 207; Moyers v. Coiner, 22 Fla., 422; Crowder v. Moone, 52 Ala., 220.

Where a receiver is sought to be appointed in vacation without notice, the facts constituting the grounds upon which the appointment is sought must be fully and specifically alleged, and mere general statements, conclusion of fact or law, or facts given upon information and belief are not sufficient. High, Receivers, 113 and note, 17, 88, 89; Bufkin v. Boyce, 3 N. E. Rep., 615; Railway v. Dykeman, 32 N. E. Rep., 826; Fricker v. Peters, 21 Fla., 254; Verplanck v. Ins. Co., 2 Paige Ch., 438.

The court erred in appointing a receiver in this cause, and in overruling the defendant's motion to vacate the receivership, discharge the receiver and dissolve the injunction, because no grounds were shown in plaintiffs' petition which would authorize the appointment of a receiver, or the issuance of the writ of injunction. High, Receivers, 474 and 511; 2 Bates, Partnership, secs. 993, 995.

*Geo. W. Tyler*, for appellees.—The Judge of the 27th Judicial District had jurisdiction to grant the injunction and appoint a receiver in this case in manner and form as shown by his order endorsed on appellee's petition. Rev. Stats. (1895), arts. 1465, 1492, 2992, 2993, 2995 and 1107; Harrison v. Waterberry, 27 S. W. Rep., 431; Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 27 S. W. Rep., 100;

High, Receivers, secs. 17, 82, 83; Iron Co. v. Blevins, 34 S. W. Rep., 834; Smith v. Butcher, 28 Grat., 144; Sage v. Railway, 125 U. S., 361:

The power of the judge to grant the writ of injunction, before the petition was filed gave him jurisdiction to grant any and all equitable relief justified by the facts alleged in the same petition and asked for by the petitioner, including the appointment of a receiver. 1 Sayles' Civ. Prac., sec. 72; Railway v. Schneider, 28 S. W. Rep., 260; Hickman v. White, 29 S. W. Rep., 692; Chambers v. Cannon, 62 Texas, 293; Railway v. Lewis, 81 Texas, 7; Anderson County v. Kennedy, 58 Texas, 616; Hammock v. Loan & Trust Co., 105 U. S., 77; Fitzhugh v. Custer, 4 Texas, 391; Bradley v. McCrabb, Dallam, 508; Sage v. Railway, 125 U. S., 361; Smith v. Fitchett, 2 N. Y. Supp., 262; 20 Am. & Eng. Ency., Law, 56, 57, 60, 64, 84, 85, 87, 91, 292, 293; High, Receivers, sec. 10; 2 High, Injunctions, sec. 1583, and Vol. 1, secs. 103 to 117; Brassy v. Railway, 18 Am. & Eng. R. R. C., 285.

The appointment of the receiver did not become effective in this case until his bond was filed and approved, and these acts were done after the petition was "filed." It then related back to the appointment, and is a part of and a completion of the appointment. Rev. Stats. (1895), art. 1469; Railway v. Lewis, 81 Texas, 7.

The petition discloses an action between parties and shows a cause of action between them, and appellees therein pray for relief against appellant. Rev. Stats. (1895), arts. 1465, 1492; Shulte v. Hoffman, 18 Texas, 679; High, Receivers, secs. 472 to 521, and especially secs. 475, 481, 483, 484, 495, 510, 519, 521; Bispham's Principles of Equity, secs. 509, 510, 514, 515.

The judge did not err in appointing a receiver in this case, nor in overruling appellant's motion to vacate the receivership, discharge the receiver, and dissolve the injunction, and appellees' petition does not show that appellees had appropriated, or were attempting to appropriate any portion of the assets of the firm of J. W. Webb & Co. to the payment of firm debts of said Webb & Co. or the individual debts of Sam Allen to the exclusion of the other creditors of J. W. Webb & Co. Lyon-Thomas Hardware Co. v. Perry Stove Mfg. Co., 27 S. W. Rep., 100; Lochte v. Blum, 30 S. W. Rep.,.925; Adams v. Bateman, 88 Texas, 130; Watson v. McKinnon, 73 Texas, 215; Carroll v. Evans, 27 Texas, 266; 2 Lindley, Partnership, 230, 584, 698, 700; 2 Wait's Act. & Def., 136; Beach, Receivers, secs. 93, 94, 96.

The judge did not err in granting the injunction and appointing a receiver in this case without notice to appellant. It was discretionary with him to require notice, or not, to appellant. Rev. Stats. (1895), arts. 1465, 1492, 2994; Harrison v. Waterberry, 27 S. W. Rep., 431; Lyon-Thomas Hardware Co. v. Perry Stove Mfg. Co., 27 S. W. Rep., 100; Land Co. v. Blevins, 34 S. W. Rep., 834.

The allegations in appellees' petition in this case are sufficiently full and specific and are not mere general statements nor conclusions of fact

or law, nor facts given upon information and belief. Sayles' Pl. & Pr., sec. 345; Gassaway v. Heidenheimer, 37 S. W. Rep., 343; Houston Cemetery Co. v. Drew, 36 S. W. Rep., 803; Railway v. Pichard, 1 White & W. C. C., sec. 431; Hill v. Newlee, 3 White & W. C. C., sec. 218; Stephen, Pleading, Rule 9, p. 369.

The grounds alleged in appellees' petition are sufficient to authorize the issuance of the injunction and the appointment of a receiver. 3 Pom. Eq. Jur., secs. 1330, 1331, 1332, 1333; 2 High, Injunctions, sec. 1590; 20 Am. & Eng. Ency., Law, 33, 34, 35, 36, 39, 40, 43, 44, 50, 127, 256, 257, 292, 243.

FISHER, CHIEF JUSTICE.—*Statement of the Case.*—On the 2d day of October, 1896, Percy Allen and Sam Allen, plaintiffs below and appellees here, presented to the Judge of the 27th Judicial District in chambers their petition in this cause, praying for the appointment of a receiver to take charge of, manage and control the property and business of the firm of J. W. Webb & Company, and praying for injunction restraining J. W. Webb, the appellant, from controlling, managing or in any way interfering further with the business, property or assets of said firm or disposing of the same in any way,—alleging in said petition that up to the 9th day of September, 1896, the plaintiffs and defendant had been partners in the lumber business at Temple, Texas, but that upon said date the partnership had been dissolved,—then setting out the grounds for receiver and injunction. In this petition the plaintiffs also prayed that the property of the firm of J. W. Webb & Company be applied to the payment of its liabilities and that the affairs of said firm be properly settled up in accordance with law and equity. This petition was sworn to by Percy Allen, one of the plaintiffs below, on the 31st day of September, 1896, and to it was attached an additional affidavit of Geo. W. Tyler, attorney for the plaintiffs, made October 1, 1896.

On the 2d day of October, 1896, the judge to whom the petition was presented, in vacation, and without notice to the defendant, endorsed upon the petition an order to the clerk of the District Court of Bell County to issue the injunction as prayed for, upon plaintiffs entering into bond in the sum of $2500, conditioned as required by law, and also endorsed upon said petition an order appointing L. B. Menefee, of Tarrant County, Texas, receiver of the estate, choses in action and property of every description belonging to said J. W. Webb & Company, enumerated in the petition, upon said receiver entering into bond as prescribed by the statutes in the sum of $5000.

The petition was filed in the office of the district clerk on October 6th, 1896. Injunction was issued on the 6th day of October, 1896, and served on the 7th day of October, 1896. The citation issued on the 6th of October, 1896, and was served on the 8th of October, 1896. The receiver's bond was filed on the 9th day of October, 1896, and he qualified and took possession of the property on that day.

October 12th, 1896, the defendant, J. W. Webb, filed an answer in the suit, consisting of general and special demurrers to the plaintiff's petition, and on the same day filed a motion to vacate the receivership, discharge the receiver, and dissolve the injunction.

On the 31st day of December, 1896, the judge of the 27th Judicial District at chambers heard and overruled the motion to vacate the receivership, discharge the receiver and dissolve the injunction, to which the defendant excepted and gave notice of appeal to this court.

On the 7th day of January, 1897, and in term time, the plaintiffs below filed a motion to have entered of record in the minutes of the court the order appointing the receiver and ordering the injunction, dated October 2d, 1896, and the order overruling the motion to vacate the receivership, discharge the receiver and dissolve the injunction; to which the defendant below, J. W. Webb, answered, objecting to the making of said entries for the reasons given in his answer and motion to dissolve. The court, on the same day, granted the motion and directed the order to be entered on the minutes of the court, and the clerk entered them in the minutes of the District Court on the 7th day of January, 1897; to which action of the court ordering the entries to be made the defendant, J. W. Webb, excepted and gave notice of appeal to this court.

*Opinion.*—The jurisdiction of this court is invoked by virtue of the act of the called session of the Legislature of 1892, page 43, which authorizes an appeal from an interlocutory judgment or order appointing a receiver.

One of the grounds urged in the court below for vacating the order appointing the receiver, and which was overruled, was to the effect that the appointment was made before the suit was filed. The record clearly shows that the petition for injunction and receiver was presented to the judge and the orders made before it was filed in the court below.

Art. 1465 is to the effect that any judge of a court of competent jurisdiction may appoint receivers in an "action * * * between partners." Art. 1177, Revised Statutes, states that all civil suits in the district and county courts shall be commenced by petition filed in the office of the clerks of such courts.

The words "actions" and "suits," employed in these statutes and in others where they are used, are synonymous and interchangeable terms. Black, in his Law Dictionary, page 27, states that the terms "action" and "suit" are now nearly if not entirely synonymous; and on page 1135 states that "suit is a generic term of comprehensive signification and applies to any proceeding in a court of justice at the pursuit of the plaintiff for the redress of an injury or recovery of a right."

If the term "action," as used in the statutes authorizing the court to appoint a receiver in partnership matters, mean a suit—which is evidently the case—then, in applying the rule announced in art. 1177, a suit or action can be only commenced by filing the petition with the clerk of the court. The statute, in stating that a receiver may be ap-

pointed in actions between partners, evidently means that this may be done in suits between partners; and in order to determine when a controversy becomes a suit we look to art. 1177, which informs us that it is commenced by filing the petition with the clerk of the court, which is by art. 1178 required to be endorsed and filed with the number and style of the case entered upon a docket.

Mr. Beach, in his work on Receivers, sec. 117, says that it has long been the rule that, except in cases of infants and lunatics, a receiver will not be appointed, unless a suit or action is pending. The text is supported by the cases of Hardy v. McClellan, 53 Miss., 510; Pressly v. Harrison, 102 Ind., 15; Baker v. Administrator of Backus, 32 Ill., 95; Merchants National Bank v. Kent, Judge, 43 Mich., 296; Gold Hunter Mining & Smelting Co. v. Holleman, Judge, 27 Pac. Rep., 413; Jones v. Bank of Leadville, 10 Col., 464.

Another objection urged to the appointment of the receiver was because it was upon the ex parte application of the appellees, without notice to the appellant.

Mr. Beach, in section 134 in his work treating of this subject, says: "In whatever manner the relief is sought from the court it is the well-settled practice that the defendant, whose possession of property is liable to be wrested from him and taken by the court through its receiver, shall have due notice of the application, so that he may be heard, if he desires, in his own defense. This is also in deference to the long-established principles of courts of equity not to encourage ex parte proceedings, except in cases of emergency, and where such proceedings are indispensable to the proper adjudication of the rights of the parties before the court or in cases of irreparable impending injury."

Extreme cases may arise, as stated by the author, where the appointment of a receiver may be made without notice to the adverse party; but no such emergency is shown in this case by the averments of the petition as would authorize the court to dispense with the notice.

Another objection urged to the order appointing the receiver is that the petition does not exhibit a case authorizing the appointment.

It was not the purpose of the statute, in authorizing the appointment of receivers in actions between partners, to permit such appointment in all cases in which there may be a controversy between them, but that the appointment may be made in accord with the general practice and principles of equity bearing upon that question in cases where some good reason or necessity is shown for the appointment. The general principle is that in order to "secure the extraordinary remedy of the appointment of a receiver the application must show clearly such facts as will satisfy the court that the property can be managed and preserved more advantageously to the parties interested in it by the court through its receiver than by the parties, and the facts relied upon should be particularly set out." Beach on Receivers, 123, and sec. 5. And in partnership affairs it is said that before appointment will be made it must appear that in the matter of controversy the parties cannot or will not ar-

range the matters among themselves, and that there must be some abuse of the partnership rights and property, as distinguished from a mere temptation to such abuse, and that there must be some fraud or mismanagement or violation of partnership duties by the partner against whom the relief is asked. Mere dissatisfaction between partners, or the fact that the business is unprofitable, or that the firm should be dissolved, or that an accounting should be had, or where one member has by the agreement control of the partnership business and does not refuse to account or to permit a participation in the business by the other partner, will not be ground for the appointment. Beach on Receivers, sec. 566.

There are no averments in the petition which directly charge the defendant with conduct which may result in an injury to the property or assets of the firm, or that he is violating his duty as the general manager of the firm, or that he has been guilty of any fraud concerning the partnership business, or that he has refused to account to the plaintiffs or refused to settle amicably with them the partnership affairs, or that he refuses to allow them to participate in the control of the business. There is an express allegation to the effect that he has been guilty of negligence in not collecting notes and accounts due the firm, but the facts of negligence are not stated; nor does it appear that there has been any fraud or intended wrong in this respect, nor does it appear that he has deprived the plaintiffs of their right as partners to collect these notes. There is an affidavit made by the plaintiffs' attorney, which is not a part of the petition, stating that since the petition was presented to the judge who appointed the receiver he has received information that the defendant has disposed of some of the notes of the firm in order to secure an individual indebtedness due by him. This affidavit can not be considered as a part of the pleadings in the case. It is true that affidavits may accompany the petition which asks for the appointment of a receiver and may be read in support of its allegations, but they can not serve as pleadings in the case or enlarge upon the case made by the petition. If the firm is not insolvent a partner may in some instances use firm assets equal to his interest in paying his individual debts. The averments of the petition do not show a state of case which would make it inequitable to the plaintiffs for the defendant to apply the notes in the way stated in the affidavit. There is no express averment or statement of fact showing that the firm is insolvent, but there is an allegation stating the conclusion of the pleader upon this point, but the facts stated showing what are the assets of the firm and what are its liabilities in effect negative the conclusion that the firm is insolvent.

We need not further discuss the averments of the petition, as, in our opinion, it fails to definitely and specifically allege facts showing a necessity for the appointment of a receiver.

For the errors pointed out and discussed the judgment below will be reversed.

We are asked to rule on those questions presented concerning the

action of the court in refusing to dissolve the injunction which was granted along with the order appointing the receiver.

We have no jurisdiction over these questions. No jurisdicton is conferred upon these courts on appeal from interlocutory orders in overruling motions to dissolve injunctions or in orders entered overruling demurrers. But, however, we desire to state that the petition, in our opinion, does not sufficiently allege a state of case showing that plaintiffs are entitled to injunction.

The judgment below will be reversed, with instructions to the court below to vacate its order appointing the receiver and that he be discharged, and that the property be redelivered to the possession of the appellant, subject to whatever orders the court may have made in the injunction proceeding. It is further ordered that the costs of this appeal and those incurred by reason of the proceedings relating to the receivership and the cost and expense of the receivership be taxed against the appellees.

It is not intended by the order we make and the judgment we render to deprive the appellees of any further remedy they may have, asking for the appointment of a receiver; nor do we intend to deprive the court of the power to appoint a receiver when applied for in a proper way and in a proper proceeding for that purpose.

*Reversed with instructions.*