### SOLOMON et al. v. MATHEWS et al. (No. 1914.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 22, 1922.)

**1. Receivers ⬠35(1)—Complaint held insufficient to warrant appointment of receiver without notice.**

Allegations by purchasers under foreclosure that they had succeeded to the rights of the former owners of the land and were entitled to a landlord's interest in wheat raised on the land by tenants; that suit to set aside the foreclosure sale had been instituted, to which they had a meritorious defense; that they had bought in good faith and without notice; that the wheat had been placed in a granary near the land; that the tenants had given notice that they would turn over the wheat to the former owners; and that both the tenants and the former owners were insolvent—held insufficient to justify the appointment of a receiver without notice.

**2. Receivers ⬠35(1)—Appointment on ex parte application proper only in exceptional and extreme cases.**

Appointments of receivers on ex parte application are to be made only in exceptional and extreme cases.

**3. Receivers ⬠5—Appointment prior to institution of suit improper.**

To appoint a receiver to take charge of crops raised on land under foreclosure prior to institution of suit is fundamental error, in view of Rev. St. art. 2128.

Appeal from District Court, Hutchinson County; W. R. Ewing, Judge.

Suit by L. W. Mathews and others against Mattie Solomon and others. An interlocutory order was made appointing a receiver without notice to defendants, and they appeal. Order set aside.

Barrett & Works, of Amarillo, for appellants.

Hoover, Hoover & Willis, of Canadian, for appellees.

BOYCE, J. This is an appeal from an interlocutory order, made without notice to the defendants, appointing a receiver of certain property.

The plaintiffs, L. W. Mathews and J. A. Ballentine, brought the suit against Mattie Solomon, Will Solomon, John Jasper, and Boss Jasper, alleging—

that the plaintiffs, on January 4, 1921, purchased, at foreclosure sale duly made, certain land in Hutchinson county, Tex., which had theretofore been owned by Mattie Solomon and Will Solomon, thereby acquiring the title of the said Solomons; that at the time of the sale John Jasper and Boss Jasper were cultivating a portion of said lands as tenants under contract previously made with the Solomons, and there was at such time a growing crop of unmatured wheat on the said land, planted by the said Jaspers; that under such rental contract the landlord was entitled to one-fourth of the wheat harvested and placed in a granary on the land by the tenants; that the plaintiffs have succeeded to the rights of the said Solomons in said rental contract, and are entitled to the landlord's interest in said wheat; that after the foreclosure sale Mattie Solomon brought suit against the plaintiffs to set aside the sale on account of certain alleged irregularities, and that such suit is now pending in the district court of Hutchinson county, being cause No. 498 on the docket of said court; that the plaintiffs herein "will appear and contest the said suit; that they have a meritorious defense therein; that they bought the said land in good faith and without notice of any vices in the proceedings, and that they will be able to show that the claims of Mattie Solomon are unfounded"; that the wheat above referred to "has lately matured and is now being harvested, and is being placed in a granary near to the said land; that there were produced from said land 7,000 bushels of wheat and that the landlord's share going to said Solomons would be one-fourth, or 1,750 bushels, which is of the value of 95 cents per bushel; * * * that the defendants Jasper have notified plaintiffs that they do not recognize the rights of plaintiffs in said wheat, and that they will turn the same over to defendant Will Solomon, and plaintiffs believe that the said Solomon will convert the same into cash and place the funds beyond the reach of plaintiffs; that plaintiffs' interest in the property or funds is in danger of being lost, removed, or materially injured, unless your honor would appoint a receiver to take charge thereof and sell the same and preserve the funds for plaintiffs; * * * that the defendants Jaspers and Will Solomon, who now have possession of said wheat, are wholly irresponsible, and could not be made to respond in damages for the conversion of said wheat because they are insolvent; and that the defendant Mattie Solomon is wholly insolvent and not liable on execution."

The prayer of this petition is:

"That a receiver be appointed herein, with power to take charge of and sell one-fourth of the total yield of wheat from said place at private sale out of the wheat that is now on the place, and to pay the expense of said sale and hold securely the net proceeds thereof for final disposition in accordance with the further orders of this court, and that upon a final judgment the plaintiffs be decreed entitled to the proceeds of one-fourth of said wheat, by virtue of their purchase of said land," etc.

This petition was sworn to by the plaintiffs, and on August 17, 1921, the district judge indorsed thereon his order appointing R. B. Archer receiver and providing:

"That he shall be qualified upon taking the oath and giving bond in the sum of $1,662, with power to do the things prayed for in said petition and to perform such other duties as may arise by law or be further ordered by this court."

The petition with oath and bond of the receiver was filed with the clerk of the district court of Hutchinson county on the 19th day of August, 1921, and the cause numbered 499 on the docket of said court.

[1, 2] We do not think that the allegations of the petition warranted the appointment of a receiver without notice. It would appear that a preliminary restraining order would have effectually maintained the status of the property until notice could be given and a hearing had on the application for a receiver, and no facts are alleged which negative this conclusion. Our statutes do not require that notice be given before the appointment of a receiver, but the propriety of making such appointment without notice is governed by the rules of equity in such a matter not inconsistent with the provisions of the statute. Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285; Arnold v. Meyer (Tex. Civ. App.) 198 S. W. 602; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548. It is universally held that appointments of receivers on ex parte application should be made only in exceptional and extreme cases.

"The rule in respect to ex parte appointments of receivers may be stated as follows: A receiver may be appointed without notice where the defendant is beyond the jurisdiction of the court or cannot be found, or where some emergency is shown rendering the appointment before the giving of notice necessary to prevent imminent and irreparable injury, waste, destruction or loss, or when notice itself will jeopardize the delivery of the property over which the receivership is to be extended. The situation must be such as to be of such imperious necessity that it requires immediate action and of a character that no other protection can be accorded to the plaintiff. * * * The power to make such appointments should not be exercised in doubtful cases, or where sufficient protection could be afforded in some other way, such as, for instance, by means of an injunctional order until notice can be given and the application for a receiver heard and determined." Tardy's Smith on Receivers (2d Ed.) par. 731.

The proposition stated in the last sentence above quoted seems to us to be sound and salutary, and is well sustained by authority. Haywood v. Scarborough, 41 Tex. Civ. App.

443, 92 S. W. 815; Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930; Security Land Co. v. Southern Texas Development Co. (Tex. Civ. App.) 142 S. W. 1191; Henderson v. Reynolds, 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977; note, Ann. Cas. 1915C, 899; High on Receivers, par. 112; 23 R. C. L. p. 39. In the cases of Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105, and Temple State Bank v. Mansfield (Tex. Civ. App.) 215 S. W. 154, the allegations were held to be sufficient to show that "full protection" of the plaintiff's rights, pending notice and preliminary hearing of the application for a receiver, might not be afforded by the issuance of a temporary restraining order, and we do not consider the cases as announcing a rule contrary to that above stated.

The purpose of a receivership of this character is to preserve and protect the property pending a decision of the rights of the parties thereto. Ordinarily, the court should not order a sale of the property until a final decree in the case. There are many exceptions, of course, to this rule. But when the property is not of a perishable character and no special facts shown requiring an immediate sale thereof, we do not think it proper for the court, on ex parte application for a receiver, to summarily authorize the sale of the property, as was done in this case. Tardy's Smith on Receivership, p. 1784.

[3] There was also fundamental error in the appointment of the receiver prior to the institution of the suit by filing of the petition. R. C. S. art. 2128; Bingham v. Graham (Tex. Civ. App.) 220 S. W. 108; Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342.

The order appointing a receiver will therefore be set aside.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes