## McCLELLAND et al. v. MOTLEY et al.

### No. 4214.

Court of Civil Appeals of Texas. Texarkana.

Feb. 11, 1932.

Florence & Fulton, of Gilmer, for appellants.

Wynne & Wynne, of Longview, for appellees.

LEVY, J. (after stating the case as above).

The principal points made on appeal are that (1) no suit had been filed or was pending at the date the order was made appointing a receiver, and (2) the order appointing the receiver was made without notice to the defendants. The cases go to sustain the points presented. The commencement of a suit, by filing the petition with the clerk of the court as article 1971, R. S., provides shall be done, appears to be essential to the jurisdiction of the court to appoint a receiver. Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Solomon v. Mathews (Tex. Civ. App.) 238 S. W. 307; Amason v. Harrigan (Tex. Civ. App.) 288 S. W. 566. The same cases, as well as others, appear to be applicable to the particular application as here made requiring notice thereof to be given to the parties affected.

The record requires that the judgment be reversed, and the cause remanded, and it is accordingly so ordered.