**MORRIS v. RUEGG.**

**No. 10831.**

Court of Civil Appeals of Texas.
San Antonio.

May 8, 1940.

"Plaintiff alleges that from time to time defendant has taken from the warehouse of the partnership, materials, being rock wool and insulating materials, and used the same in the insulation of homes for a (said) lumber company, and that defendant has taken and appropriated said rock wool and insulating materials to his own use without the consent of plaintiff and without paying therefor, and plaintiff fears that defendant will continue to do so in the future.

"Plaintiff further alleges that plaintiff and defendant are unable to agree on the management of said business and that defendant by appropriating to his own use without the consent and against the will of the plaintiff the rock wool and insulating materials as aforesaid, has ousted plaintiff from the management of said partnership and has deprived him from participating in the management thereof."

The primary prayer of the petition was for the rescission of alleged partnership agreement between plaintiff and defendant, whereby plaintiff acquired from defendant one-half interest in the alleged partnership business, and that plaintiff have judgment against defendant for the purchase price of such interest, and other incidental damage, and—

"In the alternative plaintiff prays for judgment dissolving said partnership and for an accounting and that pending this litigation a Receiver be appointed to take possession, control and management of the property of said partnership and the automobile of defendant and of defendant's interest in said lease and to administer the same under the orders of this court, and for such other and further relief, both in equity and in law, to which plaintiff may be entitled."

Davis, Wright & Perales, of San Antonio, for appellant.

Wurzbach & Glosserman, of San Antonio, for appellee.

SMITH, Chief Justice.

This appeal is from an interlocutory order appointing a receiver without notice. The petition upon which the appointment was made covers thirty-one pages of the transcript of the record, and therefore, as a matter of course, cannot be even summarized in this opinion. The action was brought by F. E. Ruegg against W. H. Morris, and the latter has appealed. The parties will be referred to as plaintiff and defendant, respectively, as in the trial court.

Plaintiff alleged, as grounds for appointment of a receiver, that on October 4, 1939, he purchased from defendant a one-half interest in defendant's business operated under a trade name, for a cash consideration of $2,500; that he was induced to purchase said interest through fraudulent representations of defendant, and —

■ We are of the opinion that plaintiff alleged a case for the appointment of a receiver as prayed for, under the provisions of § 1, Art. 2293, R.S.1925. It is there provided that receivers may be appointed in an action between joint owners, or partners, where the partners disagree, or one has been ousted by the other, or an accounting is sought. 36 Tex.Jur. pp. 41–44, and authorities there cited.

■ It is equally true, however, that plaintiff alleged no facts which authorized the appointment of a receiver without notice to defendant giving him a reasonable

opportunity to contest the application. Plaintiff's petition shows the property in controversy is located in the county of suit, and that defendant is a resident of that county, and there was no attempt to show such an "exceptional," "extreme" or "imperative" case as demanded "immediate interference by the court in order to protect the property or rights of the applicant from imminent danger," or "In other words, it must appear that the applicant will suffer great or irreparable—or at least material—injury or loss if the appointment is delayed so as to permit of notice to adverse party and to accord him a hearing." Such showing was incumbent upon plaintiff to entitle him to the order without notice. 36 Tex.Jur. pp. 105, et seq., §§ 48, 49; Amason v. Harrigan, Tex.Civ.App., 288 S.W. 566.

The judgment is reversed and the receivership vacated.