[By some oversight, the two following cases were omitted from the volumes to which they properly appertained. The rulings in them are important, and reference to them is of frequent recurrence.—REPORTER.]

## AUSTIN TERM, 1862.

### MARSTON AND OTHERS v. WARD AND OTHERS.

1. The statute of January 20, 1840 (Paschal's Digest, Article 4636), provides that "the husband may sue either alone or jointly with his wife for the recovery of any effects of the wife." In suits for the mere recovery of the separate property of a married woman, this enactment removes all question of the propriety of joining her husband and herself as plaintiffs whenever there is no conflict in their rights or interests in the subject-matter of the litigation. But when the rights or interests of the husband conflict with those of the wife, in respect of property in which she has a separate estate, then this statute is not applicable; and in such cases it is a misjoinder of plaintiffs to bring the suit in behalf of the husband and wife jointly, and the defendants to the suit may avail themselves of such misjoinder of the plaintiffs.

2. Suit by husband and wife against defendants for partition of real estate held in common by the wife and the defendants—the husband seeking in the same suit to establish a charge upon the property in favor of the community estate of himself and wife. The defendants demurred, assigning as cause that there was a misjoinder of plaintiffs. *Held*, that the demurrer should have been sustained. There being a conflict of interests between the husband and wife, the act of 1840 (Paschal's Digest, Article 4636), authorizing suit by the husband and wife jointly, does not apply; and the conflict of their interests being

apparent on the face of the petition, the misjoinder of them as plaintiffs was available by demurrer, and the defendants were entitled to take advantage of it.

3. *Quære.* A married woman owns as her separate estate an undivided interest in improved city lots, not partitionable by metes and bounds: Is an action against her co-proprietors such a suit as is contemplated by the ninth section of the Act of January 20, 1840, which authorizes a husband to sue either alone or jointly with his wife "for the recovery of any effects of the wife ?" (Paschal's Digest, Article 4636.)

ERROR from Travis.

The Reporter regrets that he has been unable to obtain any other paper connected with this case, than the opinion of the court. Hence he is unable to give details of the case which would doubtless render the rulings of more practical importance than they may be deemed in the absence of the facts. As it is, however, the decision is one of value to the profession, and frequent inquiries for the opinion of the court have been made by lawyers throughout the State.

MOORE, J.—This suit was brought by the defendants in error against the plaintiffs in error for a partition by sale (it being alleged to be otherwise impracticable) of three lots situate in the city of Austin, one-half of which belong to Susan S. Ward, one of the defendants in error, and the other half to the plaintiffs in error; and also to charge said lots with the value of the improvements, which they alleged they had placed upon them.

It cannot be doubted that in the chancery courts of England many suits have been instituted by the husband and wife for the recovery of the wife's separate estate, and that it has been very usual to enter decrees on such bills without objection; yet, whenever the attention of the court has been called to the subject by a demurrer for a misjoinder of parties, they have inva-

riably been held to be improper. (Sigel v. Phelps, 7 Sim., 239; Wake v. Parker, 2 Keen, 60.) In this State, however, it is expressly provided by statute that "the husband may sue, either alone or jointly with his wife, for the recovery of any effects of the wife." (O. & W. Dig., Article 1396.) There can, therefore, with us, be no question as to the propriety of the joinder of the husband and wife, when there are no conflicting rights between them in suits for the recovery merely of the wife's property. But whether this would be the case where the suit is not brought to recover the effects of the wife, but for the alienation of her property, that the proceeds of it may be enjoyed in severalty, may possibly admit of some doubt; though, if the husband may join the wife, or represent her (as it seems from Bartlett v. Cocke, 15 Texas, 471, he may), in a suit for partition, when the property is susceptible of division, it is not very readily perceived why the suit should be held to have been improperly brought, if, during its progrees, it should be found that the specific property could not be partitioned; or, if such a suit may be maintained, why it might not have been instituted by the same parties, although it was evident when it was commenced that the partition could only be effected by a sale of the property. But as it is unnecessary on the present occasion to determine whether such a suit is contemplated by the statute, we leave the question open for further consideration until it may be presented in some case requiring its definitive decision.

The present suit is not simply for the recovery of the effects or property of the wife, but also to establish the community rights of the husband against property in which she has a separate estate. There is, therefore, a necessary conflict in their interests. We cannot think that the statute, either in its language or spirit, is ap-

plicable to such a case. And independently of the statute, as we have seen, though it did not appear that there was a conflict of interest between them, it must be held that there was a misjoinder of parties.

When such a suit as is contemplated by the statute is brought by the husband and wife, or by the husband alone, for the recovery of her effects, the court can and will, without any risk that injustice may be done her, make such orders as will fully protect her interests. But in this case the husband is seeking to establish in favor of the community a charge upon property in which the wife has a separate estate. What guaranty, then, has the court that the rights of the wife have been properly represented, or how can it make such a decree as will properly protect them? It is not a satisfactory answer to say that the separate interest of the wife could be ascertained by a subsequent proceeding in this case, or in an independent suit instituted by her for this purpose. For if they had conflicting interests in the subject matter in litigation at the commencement of the suit, they should not have been joined as parties; nor can it be said that is a matter in which the defendants have no interest. Any misjoinder of parties affects their rights as litigants, and may be taken advantage of by them. (Wake v. Parker, *supra*.)

We think, therefore, that neither the allegations of the petition, nor the facts shown upon the hearing, authorized a decree, but that the plaintiffs' general demurrer (which was overruled by the ruling of the court on the special exceptions) should have been sustained and the petition dismissed.

As the questions with reference to the right of one tenant in common to demand from his co-tenant compensation for improvements made by him on the common property, when it is not susceptible of partition,

so as to allot the improvements to either party making them, and whether our laws with reference to the homestead and community property will in any way affect the general principles applicable to improvements by tenants in common, will not probably, if there should be any future litigation between the parties, be presented in the same form that they have been in this case, we deem it inappropriate to discuss them at the present time.  The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.