### JEWELL et al. v. SAL–O–DENT LABORA-TORIES, Inc., et al.

#### No. 1233.

Court of Civil Appeals of Texas. Eastland.

March 2, 1934.

Rehearing Denied March 23, 1934.

M. A. Childers, of San Antonio, for appellants.

LESLIE, Justice.

The plaintiffs, R. C. Jewell and W. R. Kaye, brought this suit for the appointment of a receiver for the Sal-O-Dent Laboratories, Inc., making R. J. Blake, the president of the corporation, a party defendant. Several stockholders intervened, adopting the allegations of the plaintiffs' petition and praying for the same relief. The matter came on for hearing at a regular term of the district court, and a general demurrer was sustained to the petition. Upon failure to amend, the petition was dismissed, and, from that order, this appeal is prosecuted.

The petition covers several pages, and it will not be set out. Its substance only will be referred to. The receivership was sought under articles 2293 and 2318, R. S. 1925, and especially under subdivisions 3 and 4 of the first article. It is there provided that a receiver may be appointed:

"3. In cases where a corporation is insolvent or in imminent danger of insolvency * * *" and

"4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

The receivership is, in fact, sought on the ground of "imminent danger of insolvency" of the corporation, but the plaintiffs' right thereto will also be considered under the general rules of equity.

█ This court has made a careful examination of the allegations of the petition to determine whether or not the plaintiffs bring themselves within the terms of this statute, or within the general rules of equity, entitling them to the relief prayed for. In brief, the Sal-O-Dent Laboratories, Inc., was chartered for the purpose of manufacturing and selling a tooth paste. Common and preferred stocks were issued in the outset and distributed to the stockholders. Some of this was done after certain charter amendments were obtained. The complaining parties hold either common or preferred stock, or both. On February 1, 1932, eight directors of the corporation were elected; among these were Dr. R. C. Jewell and W. R. Kaye, plaintiffs herein, and W. H. Cowden, an intervener seeking the same relief.

The board of directors organized and elected R. J. Blake president; said W. R. Kaye, vice president; and Leo H. Baxter, secretary-treasurer. The above matters having been set out, it is then alleged that, immediately upon the election of these officers, said Blake and Baxter took "absolute control" of the corporation "without regard to the wishes of the board of directors * * * and in violation of the charter provisions of the corporation." Said Baxter and Blake are further charged in general terms with removing the general office and management of the corporation from Texas to Missouri, with giving unreliable information to the stockholders concerning the corporation's business affairs, and with attempting to mislead "this honorable court" in a hearing theretofore had on October 21, 1933 (2), on a motion to vacate a receivership previously granted for Sal-O-Dent Laboratories, Inc. This latter phase of the case is set forth in the plaintiffs' petition in paragraphs (a) to (f), inclusive, and it is therein alleged that, in various and divers ways, said Blake gave alleged false and misleading testimony and statements on the hearing of said motion to vacate the receivership.

It does not clearly appear from the petition what were the results of the hearing on the motion to vacate the receivership, but the implication necessarily arises from the pleadings that that receivership was then vacated and dissolved. For aught this record shows, there may now be pending an appeal from such judgment. Equally possible, the matters therein complained of may long since have become res adjudicata by virtue of a judgment there entered and which may have become final. The petition before us does not have the characteristics of a bill of review attacking the validity of some previous judgment, but it is an independent suit for a receivership. In later allegations the admission is made that the office and headquarters of the corporation have been reestablished in the city of San Antonio.

After careful examination of the allegations contained in said paragraphs (a) to (f), this court has reached the conclusion that nothing is set forth therein that would warrant a re-examination of the matters therein presented and evidently gone into and adjudicated on the previous hearing to vacate that receivership.

The plaintiffs' petition, beginning with paragraph X, makes additional charges against the defendant Blake and secretary, Baxter, and undertakes to set out further and additional reasons why the receivership should have been granted. It is alleged in this paragraph (x) "that the wishes and desires of said board of directors, particularly in recent months since they have awakened to the real condition of said corporation, have been totally disregarded by said officers in the management of said corporation." In this connection it is alleged that the present management of the corporation has been such as to impair the value of its stock, and that, unless the assets of the corporation are taken under judicial custody and administered for the protection and custody of the stockholders and creditors, the assets of said corporation will soon be exhausted or so frozen as to paralyze the operation of said corporation and impair its credit and standing and render it unable to meet its past-due obligations, and obligations that will soon mature. It is also disclosed that the two plaintiffs, and the intervener Cowden, have been directors of this corporation during the time of the alleged mismanagement chiefly complained of, and there are no allegations in any way disclosing how, when, or where the directors lost control of the same. On the other hand, according to the plaintiffs' allegations, the directors "in recent months * * *. have awakened to the real condi-

tion of said corporation." In one or two instances and in an effort to obtain an amended charter, the admission is made by the plaintiff R. C. Jewell that he made an affidavit and certain statements concerning assets of the corporation that were wholly unwarranted by the facts, but he explains that he made the same upon the representations of the defendant Blake. Such matters will not be further examined here, as the negligence and carelessness of this particular plaintiff may not be material to the questions presented for consideration.

The allegations of the petition seem to exonerate the directors, as such, from any wrongdoing. No attack is made upon them. They are not charged with usurpation, fraud, or gross negligence, and, as stated in 14a C. J., p. 84, § 1843, the rule is that, in the absence of usurpation, fraud, or gross negligence on the part of the directors, a court of equity will not interfere at the suit of a minority of stockholders, merely to overrule and control the discretion of the directors on questions of corporate management, policy, or business. The receivership was not warranted on the ground of mismanagement as alleged. There is nothing in the acts charged indicating reckless mismanagement, or that the acts were not done, or authorized, in an honest exercise of the judgment of the board of directors, and in the interest of the corporation.

If the appellants rely upon fraud as a ground for a receiver, their petition is insufficient, in that it does not allege the specific conditions and facts warranting the same. It is not sufficient to charge fraud as a general assertion or as mere conclusions. 14a C. J., p. 967, § 3191.

Further, the ground of "imminent danger of insolvency" was not established as a basis for the relief. The specific facts entitling these plaintiffs to such relief under those conditions are not alleged, and the petitioners themselves frankly admit that the corporation was not insolvent at the time they sought this relief.

Article 1327, R. S. 1925, provides that "the directors (of the corporation) shall have the general management of the affairs of the corporation * * * in such manner as the by-laws may prescribe," and there is nothing in this petition challenging the right of the directors of this corporation to exercise such control, nor is it shown they have in any way abandoned their functions.

The principles upon which a court of equity acts on application for receivership of a corporation have been stated thus: "The power to appoint a receiver, especially of a corporation, will not be exercised, except upon a very grave necessity, and upon a clear showing that the applicant's rights imperatively demand the appointment, and that without it he has no adequate remedy, and is in danger of suffering irreparable loss." 11 Tex. Jur. p. 97, § 430.

Based upon the foregoing considerations, and for the reasons above expressed, we are of the opinion that the plaintiff's petition was subject to a general demurrer, and that the allegations of the same do not show the petitioners entitled to the appointment of a receiver of the corporation, either upon statutory grounds, or under the general rules of equity.

The judgment of the trial court is affirmed.