**WHITE et ux. v. BLALOCK et al.**
Nos. 15478, 15490.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 29, 1947.

Rehearing Denied Jan. 29, 1947.

Ronald Smallwood, of Harlingen, for relators.

Kelley, Looney, McLean & Enochs, of Edinburg, for respondents.

MURRAY, Justice.

Relator Louis O. White tendered in this Court his petition for Writ of Mandamus, together with a motion for leave to file the same, on December 23, 1946. The motion for leave to file was granted and thus we came to the consideration of the petition for Writ of Mandamus.

There is now pending in the District Court, 93d District of Hidalgo County, cause number B-15311, styled Louis O. White v. W. P. Hauser et al. This suit was originally instituted by Louis O. White against W. P. Hauser, Bill O. Hauser, B. B. Hauser and John E. Haynes, alleging that he was the owner of a one-third interest in a partnership known as the Hauser Nursery Company, in which the defendants were copartners. He further alleged that the defendants excluded him from all participation in the activities, management, and affairs of the partnership, and have refused to disclose to him the facts relative to the business activities of the partnership and further that the assets of the partnership are in excess of $150,000. White sought to have a receiver appointed to take charge of the affairs of the partnership during the pendency of the suit, to have a temporary injunction issue against the defendants, restraining them from disposing of the assets of the partnership during the pendency of the suit, and, on final hearing, to have the partnership dissolved and the assets distributed, one-third to him.

Thereafter, on October 10, 1946, the defendants filed their plea in abatement, setting up that LeDora Hauser White, wife of plaintiff, was the owner of an interest in the partnership and had not been made a party to the suit. Relator, Louis O. White, filed a controverting plea, setting forth that he had assigned his one-third interest in the partnership to his wife, LeDora H. White; that such assignment was void because executed as a result of fraudulent representations; that his wife, LeDora Hauser White, was at that time, and at the time the assignment was executed, of unsound mind; and that because of said facts his wife had no interest in said partnership by reason of said assignment or otherwise. The trial court sustained the plea in abatement.

Relator, on October 19, 1946, amended his petition and joined as coplaintiff his wife, LeDora White, and in such petition relator sought to set aside the assignment to his coplaintiff and recover the property in controversy in his own right and, in the alternative, to recover on behalf of his wife. Respondents other than W. R. Blalock, Judge, District Court, Hidalgo County, Texas, filed a motion to require the said Louis O. White, relator, to show his authority to represent his wife and the au-

thority of relator's attorney to appear for LeDora White. This motion was heard on November 19, 1946, and the trial court sustained the motion of relator and said in his order, among other things, the following:

"Whereupon, it appearing to the Court that: (1) Louis O. White is asserting an interest herein adverse to his wife; (2) that under allegations made by the said Louis O. White, it may be finally determined that such property is the separate property of his wife; (3) that said plaintiff has heretofore by sworn pleading asserted that his wife is of unsound mind; (4) that the said Ledora Hauser White is not before this Court unless the said Louis O. White is authorized to appear for her herein; (5) that she is a necessary party herein; (6) that from announcements made in open court, she is the daughter of W. P. Hauser.

"It therefore appears from admissions of plaintiff, that this proceeding should be stayed until such time as the said Ledora Hauser White may be properly served with process herein, and, in view of admissions made, until the Court can appoint a guardian ad litem to protect her rights, if any, in this case. In the opinion of the Court any other rule might permit a person adversely interested to appear for a person suffering from a legal disability so that such representative position could be detrimental to the rights of such a person suffering from a legal disability. And since it appears that the rights of plaintiff, Louis O. White will not be materially injured if his wife is brought into the case and her rights protected, his earnest objection thereto is possibly persuasive of the need thereof.

"It appears that on two occasions since the first setting of this case, it has been set down for a hearing and passed, once on motion of plaintiff and once by agreement of counsel, after defendants had announced ready.

"It is accordingly ordered that further proceedings herein be, and the same are hereby, stayed until Ledora Hauser White is served with process as provided by law."

As heretofore stated relator Louis O. White has applied to this Court for the issuance of a writ of mandamus to compel the Honorable W. R. Blalock, Judge of the District Court of Hidalgo County, 93d Judicial District, who was presiding at the hearing above set out, to proceed with the trial of the cause.

 It appears that LeDora White is the owner of the one-third interest in the partnership claimed by Louis O. White, unless the assignment by him to her of said interest is held void, or at least voidable. Thus we have a direct conflict of interest between Louis O. White and his wife, LeDora White. It is true that Article 1983, Vernon's Rev.Civ.Stats., authorizes the husband to sue on behalf of the wife for the benefit of her separate property, but where a direct conflict of interest exists between the husband and wife said Article 1983 does not apply. Marston v. Ward, 35 Tex. 797. The wife has not properly been made a party to this suit and therefore there is a want of necessary parties.

This case has been further complicated by the fact that relator has alleged that his wife is of unsound mind.

 The trial court properly stayed the proceedings in the case until the proper and necessary parties were before the court, and after waiting a reasonable length of time if LeDora White is not properly brought into the case the trial court would be justified in dismissing the cause. 1 Tex.Jur. p. 145, § 104.

Relator's petition for mandamus will be in all things denied and overruled.