**TEXARKANA COLLEGE BOWL, INC., John M. Garvey, C. Ed Mitchell and Richard J. Schneider, Appellants,**

v.

**Cecil PHILLIPS, Appellee.**

No. 7763.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 1, 1966.

Raffaelli, Keeney & Pesek, Texarkana, for appellants.

William A. Barber, Jr., Grand Prairie, for appellee.

CHADICK, Justice.

This is a minority stockholder suit. The judgment of the trial court appointing a receiver without notice is reversed and the case remanded to the trial court.

Texarkana College Bowl, Inc., is a corporation domiciled in Bowie County, Texas, and engaged in operating bowling lanes as a business. The appellee, Cecil Phillips, owns 25% of the corporation's capital stock and the current corporate directors John M. Garvey, C. Ed Mitchell, and Richard J. Schneider own the remainder of the stock in unspecified percentages. The Brunswick Corporation sued Texarkana College Bowl, Inc., and its directors, Garvey, Mitchell and Schneider for indebtedness and to foreclose a mortgage in the United States District Court for the Northern District of Texas. In one phase of the Federal court suit Phillips was enjoined in his individual capacity from the continued operation of the business of Texarkana College Bowl, Inc., and in compliance with the injunctive order he ceased to operate the business on April 29, 1966.

On May 5, 1966, Phillips as plaintiff instituted this suit under review naming Texarkana College Bowl, Inc., John M. Garvey, C. Ed Mitchell and Richard J. Schneider as defendants, and prayed for the appointment of a receiver for the assets and businesses of the defendant corporation. The defendants did not file an answer. The trial judge granted the application without hearing and all of the defendants have perfected appeals.

Phillips' petition does not particularize separately the statutory or equitable grounds underlying his application. The Business Corporation Act, V.A.T.S. authorizes appointment of a receiver to rehabilitate a corporation. The provisions thereof having pertinence to this appeal are as follows:

"Art. 7.05. A. A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets and business of the corporation and to avoid

damage to parties at interest, but only if all other requirements of law are complied with and if all other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation, are determined by the court to be inadequate, and only in the following instances:

"(1) In an action by a shareholder when it is established:

(a) That the corporaion is insolvent or in imminent danger of insolvency; or

(b) That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or

(c) That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; or

(d) That the corporate assets are being misapplied or wasted.

(2) * * *

(a) * * *

(b) * * *

(3) In any other actions where receivers have heretofore been appointed by the usages of the court of equity.

B. * * *"

The only facts in the case are those that are alleged in Phillips' sworn petition; however such facts must be regarded as fully proven in the determination of the appeal. Friedman Oil Corporation v. Brown (Tex.Civ.App.), 50 S.W.2d 471, no writ; Receivers, 49 Tex.Jur. § 65.

■ Phillips' petition alleges that corporate assets are being misapplied and wasted by those in control of the corporation and that such persons' acts were illegal, oppressive and fraudulent. Such conduct is expressly made grounds for receivership by Article 7.05. supra. The particular facts alleged in support of these charges are that the defendants' failure to reopen and operate the business will: (1) cause loss of bowling leagues organized and scheduled over a period of years; (2) cause loss of business and good will; (3) cause disruption in Texarkana Junior College's physical education classes that use the corporation's facilities under contract; (4) require the refund to the college of money paid for use of the bowling facilities; and (5) constitute an abandonment of the purposes and functions of the corporation. The management of the business of a corporation is vested by Art. 2.31. of the Business Corporation Act in the corporation's board of directors, and stockholder's dissatisfaction with corporate management is not by Art. 7.05. supra made grounds for a receivership. See Jewell v. Sal-O-Dent Laboratories (Tex. Civ.App.) 69 S.W.2d 544, writ ref.; Receivers, 49 Tex.Jur.2d § 28, p. 49; Corporations, 19 Am.Jur.2d § 533, p. 70. The facts set out are not inconsistent with the honest exercise of business judgment and discretion by the board of directors nor are the facts indicative that the board was wasting and misapplying assets, nor that its action had been or would be illegal, oppressive or in fraud of the corporation or its shareholders.

■ Another set of facts found in Phillips' allegations are that the directors "hired to represent Texarkana College Bowl, Inc., attorneys whose interests are adverse to the continued operation of Texarkana College Bowl, Inc., in that such attorneys represent Texarkana College Bowl, Inc's. competitor in the Bowling business, * * * whose interest would be served through the closing down of Texarkana College Bowl, Inc." Considering the allegation as sufficient to allege as a fact that the retained legal counsel had an interest adverse to the continued operation of Texarkana College Bowl, Inc.,

such fact does not prove or tend to prove the acts of the directors were illegal, oppressive, fraudulent, or that corporate assets were, or about to be misapplied or wasted. The record contains no fact tending to show the action of the directors was the consequences of the advice of legal counsel, or that the Board consulted, relied upon, was influenced or misled in any degree by legal counsel in making and carrying out a management decision not to reopen and operate the corporate business after Phillips closed the operation pursuant to the Federal Court order. The conflict of interest attributed to legal counsel is not per se a fraud upon the corporation or its stockholders. Legal counsel may, within very narrow limits, represent clients having adverse economic interests. Attorney at Law, 7 Am.Jur.2d 62, § 32; 7 C.J.S. Attorney and Client, § 47, p. 826.

Phillips' petition contains an additional factual allegation that in November, 1964, while John M. Garvey and C. Ed Mitchell were directors of Texarkana College Bowl, Inc., they fraudulently caused the corporation's real estate to be conveyed to themselves for the ostensible purpose of obtaining additional loans for the benefit of the corporation, but that no loans were negotiated, and that Garvey and Mitchell have continued to hold the property. The petition continues with the allegation that at the time the suit for receivership was instituted there was pending a suit in the same court to set aside the conveyance mentioned. The parties to such pending suit are not named, but the implication is that the corporation, Garvey, Mitchell and Phillips are parties in some capacity.

For the purpose of discussing this last ground it will be assumed the facts of the allegation are established as alleged. A receivership for the assets and business of a corporation is prohibited by Article 7.05. of the Business Corporation Act unless it is shown that all other remedies are inadequate to conserve the corporation's assets and business and to avoid damage to parties at interest. This record does not purport to show that the pending suit will not afford Phillips adequate relief.

The facts alleged in Phillips' petition will sustain neither a statutory nor equitable receivership, so it must be held that the trial judge improvidently granted the receivership in the ex parte proceeding. The judgment is reversed and the case is remanded to the trial court.