**744**

ASSOCIATED BANKERS CREDIT COM-
PANY, Inc., et al., Appellants,

v.

Lester A. MEIS, Appellee.

No. 540.

Court of Civil Appeals of Texas,
Corpus Christi.

June 30, 1970.

Carsner, Carsner & Bissett, Gerald Bissett, Victoria, for appellants.

Tibiletti, Ritchey & Cano, Phillip Tibiletti, Victoria, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an interlocutory order made without notice granting an injunction and appointing a receiver. The record consists only of the clerk's transcript. Appellants assert ten points of error. The first three points complain of the injunction and the remaining seven are directed to the appointment of a receiver by the trial court.

Lester A. Meis, appellee here, brought this suit on December 8, 1969 against Associated Bankers Credit Company, Inc., one of appellants here, for damages allegedly suffered on account of certain acts and omissions by that appellant which impaired his financial standing and encumbered large amounts of his assets. By his first amended original petition which bears the clerk's file mark of December 17, 1969, appellee complained, in addition to the original defendant, of C. A. Overfeldt and Bob Cheshire, also appellants here. In addition to reiterating, expanding or changing in some respects the allegations for damages, appellee's amended petition sought a temporary restraining order without notice, a temporary injunction after notice and hearing, and the appointment of a receiver without notice of certain properties hereinafter mentioned.

Appellee's pleadings reflect that the controversy here in question arose out of a transaction whereby Associated Bankers Credit Company, Inc. exchanged 2000 shares of its common stock for all of the common stock of Port City Signs Company, Inc., and whereby appellee Meis and his associates purchased $5,000.00 of common stock in Associated Bankers Credit Company, Inc., and Meis agreed to exert his best effort to sell an additional $15,000.00 to $20,000.00 of Associated Bankers Credit Company, Inc.'s common stock. Appellee alleged, among other things, that Associated Bankers Credit Company, Inc., had failed to pay certain installments on various promissory notes in favor of three banks located in Victoria, Texas, which notes had arisen out of the installment obligations of Port City Sign Company, Inc., whereby it would endorse and pledge sign or billboard contracts to the banks and borrow funds secured by the pledged contracts to be used in the operations of Port City Sign Company, Inc., and that appellee was a guarantor on said notes of Port City Sign Company, Inc., in favor of the three banks. Appellee further alleged that appellant Overstreet, president of Associated Bankers Credit Company, Inc. had violated his representation that the $5,000.00 invested by appellee in the common stock of said corporation would be used in the operations of Port City Sign Company, Inc., so that its liabilities including the notes to the banks would be met as they become due; that, instead, the $5,000.00 was apparently used as a down payment on a building of Gulf Coast Bottler's, Inc., which corporation was in the process of being acquired by Associated Bankers Credit Company, Inc. None of the allegations concerning injunctive relief and the appointment of a receiver were included in the original petition of appellee.

By an order dated December 16, 1969 the trial court granted an injunction and appointed a receiver without notice. That order reads in part as follows:

"It is hereby ORDERED, ADJUDGED and DECREED that defendants, Associated Bankers Credit Company, Inc., C. A. Overfeldt, and Bob Cheshire be and they are hereby restrained and

enjoined immediately from doing or causing to be done any and all of the following acts and things in connection with Port City Sign Company, Inc. and Gulf Coast Bottlers, Inc., to-wit:

1. From converting any monies or funds which may come into their hands as payments received upon any advertising contract or contracts which have heretofore been pledged as collateral to the First Victoria National Bank, the Victoria Bank and Trust Company or Commercial National Bank, all of Victoria, Texas, and issuing the same for any other purpose than the payment of same to the said First Victoria National Bank, the Victoria Bank and Trust Company or Commercial National Bank of Victoria, Texas, on the notes of the said Port City Sign Company, Inc., to said banks.

2. From transferring, selling, mortgaging or hypothecating the building and land owned by Gulf Coast Bottlers, Inc. at 1514 North Ben Jordan Street, Victoria, Texas.

It is further ORDERED, ADJUDGED and DECREED that Robert Moore, a resident of Victoria, Victoria County, Texas and possessing the necessary and requisite qualifications and is a proper person to be, and that he should be so appointed as receiver herein, and is not an attorney for or related to either party herein, he is hereby appointed receiver over the hereinabove described property and assets of the defendants, namely: all billboard advertising and sign contracts heretofore pledged to the First Victoria National Bank, the Victoria Bank and Trust Company and the Commercial National Bank, and the said Robert Moore as receiver is authorized and empowered to collect all payments due thereunder from advertisers and apply the proceeds from such collections to the payment of installment obligations due and to become due aforesaid banks; * * *"

On December 19, 1969, the trial court entered an order, also without notice, reading as follows:

"On this the 19th day of December, A.D. 1969 came on to be heard the application of the Plaintiff, Lester A. Meis, acting herein through his attorney for modification of the order appointing a receiver entered herein on the 16th day of December, A.D. 1969; and it appearing to the Court that the same should be modified as follows:

It is hereby ORDERED, ADJUDGED and DECREED that the Receiver, Robert Moore, heretofore appointed by this Court and now duly qualified take charge of and receive all payments for and upon all contracts and agreements which have heretofore been placed as collateral to the First Victoria National Bank, the Victoria Bank and Trust and Commercial National Bank, all of Victoria, Texas and receive the same for the purpose of making payment to the said First Victoria National Bank, the Victoria Bank and Trust Company and Commercial National Bank of Victoria, Texas, respectively, all of the proceeds of said payments received by said Receiver to have the same applied upon the promissory notes held by said banks collateralized by said contracts and upon which the plaintiff, Lester A. Meis is Guarantor.

It is further ORDERED, ADJUDGED and DECREED that that portion of the order entered on the 16th day of December, A.D. 1969 providing for a restraining order of mandatory injunction be and the same is hereby dissolved in regard to transferring, selling, mortgaging or hypothecating the building and land owned by Gulf Coast Bottlers, Inc. at 1514 North Ben Jordan Street, Victoria, Texas."

Port City Sign Company, Inc. was not made a party to the suit either by appellee's original or first amended original petition. However, on December 22, 1969 Port City

Sign Company, Inc., intervened as a party defendant, Associated Bankers Credit Company, Inc., C. A. Overfeldt and Bob Cheshire filed an answer, and all four of said parties gave notice of appeal. Cash deposit in lieu of appeal bond was filed on December 24, 1969.

■ Under their first three points of error appellants contend, among other things, that the injunctive relief decreed on December 16, 1969, as modified by the order of December 19, 1969 was a temporary injunction granted without notice, hearing or bond contrary to the provisions of Rules 681, 682 and 684, Texas Rules of Civil Procedure. Appellee's brief concedes that the trial court may have erred in granting the injunction but contends that the questions concerning it have become moot because of the order dated December 19, 1969. We agree with appellants that the last-mentioned order did not completely dissolve the injunction granted on December 16, 1969 but, instead, left in effect some phases of it which affected the properties owned by Port City Sign Company, Inc. On oral argument and submission of this case, counsel for appellee announced that he would not insist upon the validity of any phase of the temporary injunction. The record reflects that the order of December 16, 1969 as modified by the order of December 19, 1969 in effect granted a temporary injunction without notice, hearing or bond and the same cannot be upheld. See Rules 681, 682, 684, T.R.C.P.; Holman v. Holman, 189 S.W.2d 76 (Tex.Civ.App., Eastland, 1945, n. w. h.). Appellants' above-mentioned contentions concerning the temporary injunction will be sustained and it will be dissolved.

■ We now consider appellants' complaints concerning the appointment of a receiver. Appellants' point four asserts that the trial court erred in appointing a receiver because there was a lack of necessary parties to the suit at the time of such appointment, and particularly that Port City Sign Company, Inc., was not a party at that time. The order of December 16, 1969 placed in receivership certain properties of Port City Sign Company, Inc., particularly all billboard advertising and sign contracts, and ordered the defendants to surrender, deliver or make available to the receiver certain properties of Port City Sign Company, Inc., including records of various kinds and a portion of the premises and facilities of that corporation. Appellants' original brief relies upon the rule that all persons or entities over whose properties a receiver is appointed are necessary parties to the proceeding, citing White v. Blalock, 199 S.W.2d 850 (Tex.Civ. App., San Antonio, 1947, n. w. h.) ; Arnold Motor Co. v. C. I. T. Corporation, 149 S. W.2d 1056 (Tex.Civ.App., Galveston, 1941, n. w. h.). By post submission brief appellant emphasizes that Port City Sign Company, Inc., was a necessary and indispensable party to this suit at the time of appointment of the receiver within the meaning of Rule 39(a), T.R.C.P., placing primary reliance on the case of Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966). Appellants also rely upon Hollar v. Jowers, 310 S.W.2d 721, 724 (Tex. Civ.App., Eastland 1958, wr. ref. n. r. e.) in which the Court held as follows: "An indispensable party is defined as 'a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest.' 67 C.J.S. Parties § 1, p. 892; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472." We agree with appellants that Port City Sign Company, Inc., was a necessary and indispensable party to the suit and that a receivership which affected its properties should not have been granted under the conditions shown by the record here. After the orders of December 16 and 19, 1969, Port City Sign Company, Inc., intervened and appealed for the purpose of protecting its property and rights, which it was entitled to do. Appellants' point four is sustained.

■ Appellants' point five asserts in substance that the trial court erred in appoint-

ing a receiver prior to the filing of a petition seeking such relief. This point is also well taken. Appellee's unsworn original petition, filed on December 9, 1969, naming Associated Bankers Credit Company, Inc., as the sole defendant was a suit for damages and did not allege or seek an injunction or receivership. That petition was the only one which had been filed up to December 16, 1969 when the receiver was appointed. Appellee's first amended original petition, which, among other things, contained an application and prayer for a receivership, was filed with the clerk on December 17, 1969 at 11:15 o'clock a. m. There is nothing in the record to show that appellee's amended petition was ever filed with the judge under Rule 74, T.R.C.P. Appellee's brief sets out that appellee "presented" his amended petition to the court on December 16, 1969 but concedes that it was not filed until the day following the order appointing the receiver without notice. Since it appears that appellee's amended petition was not filed with the clerk under Rule 22 or with the Judge under Rule 74, T.R.C.P., there was no basis in the pleadings for appointment of a receiver on December 16, 1969. See Miller v. Wilkinson, 166 S.W.2d 741 (Tex.Civ. App., Beaumont, 1942, n. w. h.); Amason v. Harrigan, 288 S.W. 566 (Tex.Civ.App., San Antonio, 1926, n. w. h.); Solomon v. Mathews, 238 S.W. 307 (Tex.Civ.App., Amarillo, 1922, n. w. h.). Appellants' point five is sustained. This action makes discussion of their point six unnecessary.

 Appellants' points seven and eight assert in substance that the trial court erred in appointing a receiver because (7) appellee's pleadings do not allege that he has a lien or an enforceable claim or any interest in any of the properties placed in receivership, and (8) do not allege any facts showing a right to such appointment under any statute or principle of equity. Under these points, as well as their point nine, appellants argue that even if appellee's first amended original petition is considered it appears that the allegations thereof are not sufficient to authorize the appointment of a receiver on ex parte application without notice. An examination of appellee's pleadings reflects that his basic cause of action is a suit for damages against appellants Associated Bankers Credit Company, Inc., C. A. Overfeldt and Bob Cheshire. Appellee does not sue as a stockholder of any of the corporations which may be involved; nor does he sue for rescission of contract; nor does he allege that he is the owner of the properties of Port City Sign Company, Inc., including the sign or billboard contracts allegedly pledged to the banks.

Appellee's amended original petition contained, among others, allegations (including the blank spaces shown) as follows:

"Further, the Defendant Company, Associated Bankers Credit Company, Inc. wholly failed to meet any of the installments becoming due upon the notes payable to the Victoria Bank and Trust Company in the amount of $————; the First Victoria National Bank in the amount of $————; and the Commercial National Bank in the amount of $————, beginning with the month of ————, 1969, but instead voted the officers of defendant company, Associated Bankers Credit Company, Inc. a substantial pay ray, purchased luxurious automobiles, paid their personal rent in luxurious apartment houses, and preceeded to raid the treasury of Port City Sign Company, Inc. while at the same time entirely neglecting the operation of the company's business."

\* \* \* \* \* \*

"\* \* \* Further Plaintiff alleges that the entire down-payment for the building now occupied by the Gulf Coast Bottlers, Inc., in Victoria, Texas, has come from conversion by defendants from the funds and assets of Plaintiff and of Port City Sign Company, Inc., and Plaintiff hereby asserts and claims an equitable and constructive lien upon said land and building of Gulf Coast Bottlers, Inc. a subsidiary

corporation of Associated Bankers Credit Company, Inc., all upon the outstanding advertising and billboard contracts which are pledged to the banks above mentioned. The Court should exercise its equitable powers to prevent further and irreparable damage to the Plaintiff in view of the fact that the Plaintiff is a guarantor on the notes of the said Port City Sign Company, Inc., in favor of the three banks above mentioned."

The prayer of that petition reads in part as follows:

" * * * that the Court immediately without notice or hearing appoint a receiver ordering, directing and authorizing said receiver to do and perform the acts and exercise the powers as hereinabove stated, to-wit: To take possession of and preserve, examine, copy, hold and keep inviolate and allow no alteration, change, insertion or damage or mutilation of, all of the books of account, records, corporate records, correspondence, memorandums, telegrams, invoices, purchase orders, receipts, bank statements, bank checks and any and all other written instruments, ducuments or matter of every kind pertaining to the business and affairs of Port City Sign Company, Inc. or individual defendant and take possession of the premises of Port City Sign Company, Inc. or such portion thereof as may deemed necessary by said receiver to carry out and perform the duties and acts authorized by order of the Court, and that a hearing be ordered and notice be given to Defendants thereof requiring them to appear and show cause why said receivership should not be made permanent pending the trial of this case on its merits; that citation be issued and served upon each of said defendants and that upon final hearing and trial of this case that Plaintiff have and recover judgment and for such additional and further damages as he may by amdnement allege and prove and show himself entitled to receive herein, includ-

ing *exp*lemplary damages; that judgment be entered herein in behalf of Plaintiff including exemplary damages and that a judgment be established for Plaintiff fixing, establishing and for foreclosing of an equitable constructive lien upon the aforesaid real property of Gulf Coast Bottlers, Inc. and that Plaintiff have and receive and recover any and all other relief to which he may be entitled, either at law or in equity, and for all costs of Court herein including such sums as may be established and ordered by the Court as attorney's fees."

A petition seeking the appointment of a receiver must first state a cause of action within the jurisdiction of the court and then allege facts which entitle the applicant to relief under one of the subdivisions of Article 2293, V.A.C.S., or under some special statute. The application for receivership must show a necessity for the appointment, a probability of ultimate recovery by the applicant, and accurately describe the property to be placed in control of the receiver. Texas Practice, Vol. 6, Sec. 590, pp. 548–551 (Receivership, Pleading) and cases therein cited. We agree with appellants' basic contentions under their points seven and eight. Even considering appellee's amended petition, it appears that appellee does not particularize the statutory or equitable grounds upon which his application for receivership is based and the allegations thereof are not sufficient to sustain appointment of a receiver on ex parte application without notice. More particularly, the allegations of appellee's amended petition will not sustain a receivership under any subdivision of Article 2293, V.A.C.S., or Articles 7.04, 7.05 or 7.06 of the Texas Business Corporation Act, nor under the usages of equity. See Texarkana College Bowl, Inc. v. Phillips, 408 S.W.2d 537 (Tex. Civ.App., Texarkana, 1966, n. w. h.); Pelton v. First National Bank of Angleton, 400 S.W.2d 398 (Tex.Civ.App., Houston, 1966, n. w. h.); Stroud Motor Mfg. Co. v. Gunzer, 240 S.W. 644 (Tex.Civ.App., San Antonio, 1922, n. w. h.).

By their point number nine, appellants contend that appellee's pleadings are insufficient as a matter of law to warrant the ex parte appointment of a receiver without notice or hearing, without probable cause and without notice of any existing emergency. The applicable rules are reiterated in Marion v. Marion, 205 S.W.2d 426 (Tex.Civ.App., San Antonio, 1947, n. w. h.) as follows:

"In law there is a marked distinction between the appointment of a receiver with notice and the appointment of a receiver without notice. 'Appointment of a receiver without notice to the adverse party is one of the most drastic remedies known to the courts and should be exercised only in extreme cases, where the right thereto is clearly shown, and then in the exercise of great caution by the court.' Shell Petroleum Corp. v. State, Tex.Civ. App., 86 S.W.2d 245, 247; Keep 'Em Eating Co. v. Hulings, Tex.Civ.App., 165 S.W.2d 211. Further, 'a receiver will not be appointed without notice, if the status of the property can be maintained and the rights of the applicant protected pending a hearing by the issuance of a restraining order or temporary injunction, or by any remedy less drastic than a receivership.' 36 Tex.Jur. 108; Keep 'Em Eating Co. v. Hulings, supra."

An examination of appellee's first amended original petition discloses that it does not show a compelling emergency which would authorize appointment of a receiver without notice. See Morris v. North Fort Worth State Bank, 300 S.W. 2d 314 (Tex.Civ.App., Ft. Worth, 1957, n. w. h.); Texas Consolidated Oils v. Hartwell, 240 S.W.2d 324 (Tex.Civ.App., Dallas, 1951, mand. overr.). Additionally, aside from the question concerning the time of filing of appellee's amended petition for receivership, it appears that either a temporary restraining order or temporary injunction (granted upon sufficient allegations and in accordance with the Rules and Statutes) would have afforded appellee a complete and adequate remedy less drastic than a receivership and would have protected him with reference to the Port City Sign Company, Inc., pledged contracts and his alleged guaranty of payment of notes to the banks, until notice was given to appellants and a hearing held on the application for a receivership. See Holman v. v. Holman, 189 S.W.2d 76 (Tex.Civ.App., Eastland, 1945, n. w. h.); Keep 'Em Eating Co. v. Hulings, 165 S.W.2d 211 (Tex.Civ. App., Austin, 1942, n. w. h.); Rex Refining Co. v. Morris, 72 S.W.2d 687 (Tex.Civ.App., Dallas, 1934, n. w. h.). Appellants' point nine is sustained.

In view of our holdings on appellants' above-mentioned points, discussion of their point ten is deemed unnecessary.

The judgment of the trial court granting a temporary injunction and appointing a receiver is reversed and judgment is here rendered that the injunction be dissolved and the receivership vacated.

Reversed and rendered.